**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III, Esq.
Nicholas J. Bontrager, Esq.
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELESTINE LAM, | CASE NO.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| CAPITAL ONE BANK (USA), N.A., | |
| Defendant | |

NOW COMES Plaintiff, Celestine Lam, by and through her attorneys, Martin & Bontrager, APC, files her Complaint against Defendant, Capital One Bank (USA), N.A., as follows:

1. This is an action for damages brought by an individual consumer for Capital One Bank (USA), N.A.'s ("Cap One" or "Defendant") violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. §1788, *et seq.* (hereinafter "RFDCPA"), the California Consumer Credit Reporting Agencies Act, Cal. Civ. §

1785, et. seq. ("CCCRAA"), and the California Identity Theft Statute, Cal. Civ. § 1798, et seq. ("CITS).

2. Plaintiff, Celestine Lam ("Cross-Complainant"), is a natural person residing in Los Angeles County in the State of California, and is a "debtor" as defined by the RFDCPA and a "consumer" as defined by the CCCRAA.

3. At all relevant times herein, Defendant, Capital One Bank (USA), N.A. was a company engaged, by use of the mails and telephone, in the business of collecting an alleged debt from Cross-Complainant which qualifies as a "consumer debt," as defined by the RFDCPA. Defendant regularly attempts to collect debts, and therefore is a "debt collector" as defined by the RFDCPA, and is a "furnisher of information" as defined by Cal. Civ. Code § 1785.25(a). Defendant is therefore a "person" as defined by Cal. Civ. Code § 1785.3(j)

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the instant claims asserted herein pursuant to 28 U.S.C. § 1332(a)(1), as Plaintiff is a citizen of California and Defendant is a corporation with its corporate headquarters, and citizenship, in Virginia. Further, the claims asserted herein exceed the minimum amount in controversy of $75,000.00.

5. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the facts alleged, and injuries caused, took place or were caused within the State of California and in Los Angeles County. Further, Plaintiff, an individual consumer, resides within Los Angeles County and this Judicial District.

## FACTUAL ALLEGATIONS

6. Plaintiff is a victim of identity theft.

7. The identity of the thief is not known, but Plaintiff's wallet was stolen from her place of employment on or about March 26, 2016.

8. Almost immediately, this identity thief began using various credit and debit cards in Plaintiff's wallet and made several credit and debit purchases from various retail establishments.

9. Upon notice of this unauthorized and fraudulent activity, Plaintiff closed down the few (two or three) credit and debit accounts in existence. While Plaintiff believed that her swift actions would thwart this identity thief it did not.

10. Over the course of the next several weeks in March and April of 2016, Plaintiff began to receive mail correspondence purporting to show that she had started opening up various new credit card accounts with some national consumer banking/lending institutes. Plaintiff did not open any of these credit accounts nor did she authorize anyone to do so using her name and information.

11. As further precaution, laintiff filed a report with the Montebello Police Department on April 27, 2016 (Report Number 16-100217) reporting the theft of her wallet, the unauthorized charges incurred as well as the various newly opened accounts under her name. Plaintiff hoped that this would resolve any further issues pertaining to her identity theft issues, but it did not.

12. On June 28, 2016, Defendant, sent written correspondence to Plaintiff via US Mail regarding an alleged credit account with the last four of the account number being 4619 – **the same exact account that Defendant sought to collect by way of its Complaint against Plaintiff in Superior Court in 2018**.

13. In pertinent part, Defendant's June 28, 2016 correspondence to Plaintiff stated that"[Cap One] think[s] **a fraudulent credit card may have been opened** using some of [Plaintiff's] personal information, and [Plaintiff] may be a **victim of identity theft**."

14. Upon receipt of this correspondence, Plaintiff immediately contacted Defendant at the 800-239-7054 telephone number Defendant listed on said letter. Plaintiff confirmed with Defendant that the account was not opened by Plaintiff,

was unauthorized and was fraudulent, that Plaintiff was indeed the victim of identity theft and that she had filed a report with her local Police Department.

15. Defendant took note of the information provided by Plaintiff and advised an investigation would be opened. Defendant never again contacted Plaintiff about the account.

16. As years went on, without any contact from Defendant, Plaintiff believed, for good reason, that the fraudulent account was confirmed, that the fraudulent account was closed, and that Defendant would not be seeking payment for this fraudulent debt from Plaintiff. However, she was wrong.

17. On or about September 10, 2019, an unknown individual arrived unannounced to Plaintiff's shared personal residence and handed various paperwork to Plaintiff's roommate – not to Plaintiff herself.

18. Upon review of the documents delivered to her home, Plaintiff was stunned to find out that not only had Defendant not closed the fraudulent account, but that Defendant had filed a Civil Complaint against Plaintiff in 2018 and was suing her for the fraudulent $3,775.00 balance by way of the collection law firm Moore Law Group.

19. Plaintiff then phoned Defendant and demanded an explanation as to why Defendant had filed a lawsuit against her for a debt that Defendant itself believed to be the result of identity theft and despite the 2016 phone conversation the parties had about said account. The agent(s) for Defendant could not and would not provide any information.

20. In conducting further investigation, Plaintiff pulled recent credit report(s) from two (2) of the three (3) major Credit Reporting Agencies. Plaintiff was shocked to see that despite Defendant's own 2016 written statement believing that the account was a result of identity theft and despite the 2016 conversations between the parties confirming same, that Defendant had continued to report this fraudulent debt on Plaintiff's credit reports stating that the balance of $3,775.00

was owed by Plaintiff, that Plaintiff had missed so may payments over the past three (3) years that the account was in "charge off" status and further nowhere did Defendant report that the debt was disputed as fraudulent by Plaintiff.

21. To this date, Defendant still has not reversed/credited the fraudulent charges, has not closed the fraudulent account, only just recently ceased credit reporting the fraudulent account as of October of 2019 (after being contacted by Plaintiff's attorneys no less) and previously did not includ any notation in said credit reporting that the debt is disputed as fraud by Plaintiff.

22. Further, while Defendant has just recently dismissed the Superior Court action initiated against Plaintiff for the fraudulent debt, only after Plaintiff's counsel's demand, Defendant dismissed the underlying Superior Court action "without prejudice." Thus, in essence, Defendant is reserving the right to re-file litigation against Plaintiff in Superior Court for an alleged debt **that Defendant knows and has confirmed is fraudulent in nature**.

23. Plaintiff has spent countless hours over the past three (3) years trying to rectify this issue. Plaintiff has also reported this incident to the police.

24. Notwithstanding Plaintiff's exhaustive efforts in this regard, Defendant continued to attempt to collect charges from Plaintiff that were incurred as a result of identity theft, including initiating litigation and seeking judicial intervention to collect the alleged debt that Defendant itself deemed fraudulent in nature back in 2016.

25. As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and will continue to suffer the same for an indefinite time in the future, all to her great detriment and loss.

26. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from injury to her credit rating and reputation, and will continue to suffer the same for an indefinite time in the future, all to her great detriment and loss.

27. As a result of Defendant's conduct, Plaintiff has suffered decreased credit score as a result of errors and omissions appearing on her credit file, preventing her from being able to obtain credit, and diminishing her existing and future creditworthiness. In fact, Plaintiff was denied a very routine and otherwise easily attainable credit line for a national retail establishment as a direct result of Defendant's continued false, inaccurate, and misleading credit reporting.

## FIRST CAUSE OF ACTION

**(Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§1785.25(a))**

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

30. California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

31. California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

32. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

33. Based on these violations of Civil Code § 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## SECOND CAUSE OF ACTION

### (Violation of the RFDCPA, Cal. Civ. Code § 1788)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), by violating the following provisions of the FDCPA:

1) Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

2) Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

3) Defendant violated §1692e(8) by failing to report a disputed account as disputed;

4) Defendant violated §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt.

5) Defendant violated §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt, including seeking collection of a debt not authorized by contract or law.

36. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

### THIRD CAUSE OF ACTION

### Violations of California Civil Code § 1798.92-97

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

40. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5)

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

41. An award of actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), Cal. Civ. Code § 1788.30(a), and Cal. Civ. Code § 1798.93(c);

42. Statutory damages in the amount of $ 1,000.00 pursuant to CAL. CIV. CODE § 1788.30(b);

43. Statutory damages/civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);

44. Punitive damages of $ 100.00 - $ 5,000.00 per willful violation of Cal. Civ. Code § 1785.25(a) pursuant to Cal. Civ. Code § 1785.31;

45. An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(d); 1788.30(d), and Cal. Civ. Code § 1798.93(c)(5); and

46. Providing such further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff hereby demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: November 27, 2019    **MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager

Nicholas J. Bontrager
*Attorney for Plaintiff*

- 9 -

COMPLAINT AND DEMAND FOR JURY TRIAL